FREDERIC J. PARKS *versus* JOHN G. MORSE.

The owner of a mill upon a navigable stream is bound to exercise his rights in such manner as not to interfere unreasonably with the rights of the public in the use of the stream.

Such owner will be liable to an action by any citizen whose reasonable use of such stream, to float logs to market, he has prevented.

ON MOTION to set aside the verdict as being against law and the evidence.

TRESPASS for preventing the plaintiff from floating his logs through the flood gates of the defendant's dam on the Winnegance river.

The evidence tended to show that the Winnegance river is a navigable stream; that the defendant owned or occupied a mill thereon with a dam, in which were flood gates; that the plaintiff had a raft of logs in the stream, which he undertook to turn through these flood gates, without interfering with the operation of the defendant's mill; and that the defendant by force prevented his doing so.

The defendant introduced evidence of his title, and other evidence which is not material in the view of the case taken by the Court.

The verdict was for the plaintiff, and the defendant moved to set it aside.

*Tallman & Larrabee*, for defendant.

*Gilbert & Sewall*, for plaintiff.

The opinion of the Court was drawn by

BARROWS, J.—Whatever the construction of the deeds upon which the defendant relies, he cannot be permitted unreasonably to interfere with the right of the plaintiff, as a citizen, to use this navigable creek as a highway to float his boats, rafts or logs. Of this right the public cannot be deprived, nor in its use unreasonably obstructed. The rights of the mill owner and other citizens are not necessarily con-

flicting. On the contrary, if exercised in a reasonable manner, they are materially beneficial to each other. "While the mill proprietor may erect and maintain his dam, he must at the same time maintain, for the use of the public, a convenient and suitable passageway, through or by his dam. The privileges of the mill owner must be so exercised as not to interfere with the substantial rights of the public in the stream, as a highway for the purpose of transporting such property as in its natural capacity it is capable of floating. The use of both parties must be a reasonable use, and the rights of both must be exercised in a reasonable manner." *Veazie* v. *Dwinel,* 50 Maine, 479.

There is nothing in the testimony in this case to indicate that the plaintiff proposed to exercise his right in an unreasonable manner, or to the detriment of the defendant.

On the contrary, it appears that what he did, did not subject the operations of the defendant's mill to any inconvenience; that defendant had not many logs in his boom at the time, and that they were not exposed by the act of the plaintiff in running his own logs through the flood gates.

The verdict does not appear to be against either law or evidence.                                              *Motion overruled.*

APPLETON, C. J., CUTTING, WALTON and DAVIS, JJ., concurred.